224 July 1, 2026 No. 624

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESSICA RAY MARTINEZ,
*Defendant-Appellant.*

Washington County Circuit Court
24CR23076; A185151

Erik M. Buchér, Judge.

Submitted on May 21, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin Carveth, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for two counts of failure to appear in the first degree, ORS 162.205. In her first assignment of error, defendant argues that the trial court plainly erred when it found her guilty of both counts of failure to appear because the trial court based its verdict on evidence that was not in the record. In her second assignment of error, defendant argues that the prosecutor plainly erred by referring to evidence not in the record during closing argument. We affirm.

Under ORS 162.205(1)(a), a person commits the crime of failure to appear if they "knowingly fail[] to appear" after "[h]aving by court order been released from custody or a correctional facility under a release agreement or security release upon the condition that the person will subsequently appear personally in connection with a charge against the person of having committed a felony." A person acts knowingly when they "act[] with an awareness that [their] conduct *** is of a nature so described ***." ORS 161.085(8).

Here, the state charged defendant with two counts of failure to appear based on allegations that she failed to appear for scheduled court hearings on November 6, 2023, and April 5, 2024, despite having known that she was required to appear on both dates.

Defendant waived jury and was tried to the court. To prove its case, the state introduced copies of release agreements signed by defendant, which indicated that she agreed to appear on the required dates, and court orders indicating defendant's next required court appearances.

Defendant testified that she received notice of both dates, but that around the time of those hearings she was homeless, unable to see her family, and "trying to get [her] kids back." She did not realize she had to appear in November until her lawyer called her, and she made a mistake about which day she was supposed to appear in April.

In closing arguments, defense counsel argued that at the time that defendant failed to appear she was unaware that she needed to, such that her non-appearances were

mistakes, not knowing failures to appear. Defense counsel relied on *State v. Servatius*, 285 Or App 45, 395 P3d 910 (2017), a case in which we concluded that the trial court erred when it failed to require the state to prove that the defendant, who had dementia, Alzheimer's, and memory loss, knew of his court dates at the time that he failed to appear. The state took the position that *Servatius* was distinguishable because defendant did not suffer from any cognitive difficulties and that making a mistake or forgetting a date under defendant's circumstances was not a defense to a knowing failure to appear. As part of the closing argument, the prosecutor stated that what happens in court hearings is that "[t]he judge advises the defendant and Defense Counsel of all future dates and they ask if they understand and if they—they've heard those dates."

The trial court found that defendant was not credible and found her guilty on both counts. This appeal followed.

*Verdict*: In her first assignment of error, defendant argues that the trial court plainly erred when it relied on evidence not in the record by referencing what defendant was "told in court," because there was no direct evidence of what occurred in court on those dates. We need not conclusively decide whether it was a reasonable inference from the evidence that defendant, who testified that she appeared before the court to set future court dates, was orally told of her future court dates, because any error was harmless. An error is harmless when there is "little likelihood" that it affected the outcome of the case. *State v. Davis*, 336 Or 19, 27-32, 77 P3d 1111 (2003). If an error is harmless, we lack discretion and must affirm. *State v. Horton*, 327 Or App 256, 262, 535 P3d 338 (2023).

Here, defendant admitted to having notice of the court dates from her paperwork, either after she got "out of jail" or after she got "out of court." Her defense was that she forgot the November date and made a mistake about the date in April, and that forgetting a date or making a mistake about the date did not amount to a knowing failure to appear. The trial court determined that there were no extenuating circumstances that would demonstrate that defendant acted negligently or otherwise without knowledge,

rather than knowingly, and did not believe defendant's testimony that she forgot or mistakenly calendared the required court dates. In light of defendant's admission that she was told of the dates, the absence of any legally sufficient extenuating circumstances, and the trial court's credibility finding, there is little likelihood that the trial court's reference to what occurred in court affected the verdict.

*Closing Argument*: In her second assignment of error, defendant argues that the trial court plainly erred when it did not *sua sponte* intervene after the prosecutor referenced facts not in evidence in closing arguments; specifically, that in court hearings, "[t]he judge advises the defendant and Defense Counsel of all future dates and they ask if they understand and if they—they've heard those dates."

In the context of plain error, a prosecutor's improper closing argument warrants reversal only when "it is beyond dispute that the prosecutor's comments were so prejudicial as to have denied defendant a fair trial." *State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022). There is no plain error if the prejudice from the prosecutor's argument could be addressed through a curative instruction, or an objection in a bench trial. *Id.*; *State v Miller*, 327 Or App 740, 753-54, 537 P3d 191, *rev den*, 371 Or 715 (2023).

Although the prosecutor's statement could be interpreted to refer to facts not in evidence, rather than simply the common experience of the litigants, this was a bench trial, and "[w]e have no doubt that the trial judge would have been able to disregard those statements if [the] defendant had objected and the court had stricken them." *Id.* at 753. Because an objection would have been sufficiently curative, defendant has not established that the trial court plainly erred.

Affirmed.